### No. 476
### KORNHAUSER, Rec. v. NAT. SURETY CO.
No. 19057. Supreme Court.
On motion to certify. Dock. April 1, 1925, 3 Abs. 233.
297. CONTRACTS—In contract of suretyship, should favor be shown beneficiary on its construction, when susceptible of two meanings?
625. INDEMNITY—Is so called "position bond" indemnifying employer against the corruptly held position, more broader and comprehensive than a bond in which man holding position, is named?

S. J. Kornhauser was the Receiver of the Ohio Export & Trading Co., said company being incorporated in March 1919. In 1920 it entered into a contract of indemnity with the National Surety Co., this bond providing that the Surety Co. undertook to insure the Ohio Export & Trading Co. against loss which might occur as a result of misconduct on part of certain of its officers; "agreeing to indemnify —of any employee while occupying or performing the duty of any position named in the schedule.

It was alleged in the Cuyahoga Common Pleas that the Managing Director was bonded to the extent of $25,000 and the second vice-president for $20,000. It was further alleged by Kornhauser that said officers, while in office, wrongfully abstracted $145,000 and $85,000 respectively, and judgment was asked against the Surety Co. for the amounts of the bonds namely $25,000 and $20,000.

The trial court rendered judgment in favor of the Surety Co. declaring that the thefts and frauds committed by the Managing Director and 2nd Vice-President were not committed in the course and scope of their duties, and that the loss sustained by the Export Co. was not the direct result of the performance of the official duties of the two officials and therefore the Surety Co. was not liable. Error was prosecuted and the Court of Appeals in affirming the Common Pleas held that the Surety Co. would not be liable because the two officials named in the indemnity bonds were not regularly and duly elected to their offices.

Kornhauser takes the case to the Supreme Court and contends that the Court of Appeals conceded that the record showed the two officials performed the duties of Managing Director and 2nd Vice-President; but since the record did not disclose they were elected to those offices there can be no liability under the bond.

It is contended that the indemnity con-

tract was a "position bond". The indemnification of the employer against any person who holds and performs the duties of the particular position is more comprehensive and broader than the form of bond in which the employee is specifically named.

It is contended that the Managing Director was hired as General Manager and the Board of Directors acquiesced in the new title. If the terms of a surety contract are susceptible of two constructions that one, should be adopted if consistent with the purposes to be accomplished, that is more favorable to the beneficiary. Indemnity Co. v. Stone, 100 OS. 373.

Attorneys—Doerfler & Kornhauser for Kornhauser; Tolles, Hogsett, Ginn & Morley, for Surety Co.; all of Cleveland.